*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2040**

State of Minnesota,
Respondent,

vs.

Fabian Charles Jackson,
Appellant.

**Filed September 22, 2014
Affirmed
Peterson, Judge**

Hennepin County District Court
File No. 27-CR-13-8776

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Jeffrey Thames, Brooklyn Center City Attorney, Carson, Clelland and Schreder, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Veronica May Shacka, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Peterson, Presiding Judge; Reilly, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this appeal from a conviction of misdemeanor speeding—failure to use due care—following a bench trial on stipulated evidence, appellant argues that his conviction must be reversed because his waiver of his trial rights was invalid under Minn. R. Crim. P. 26.01, subds. 3-4. We affirm.

## FACTS

Crystal Police Officer Sean Kwiatkowski stopped appellant Fabian Charles Jackson for traveling 86 miles per hour in a 60 miles-per-hour zone. Kwiatkowski noted that appellant's eyes were bloodshot and detected a mild odor of an alcoholic beverage coming from the vehicle, so he asked appellant to perform field sobriety tests. Based on appellant's performance of the field sobriety tests and the result of a preliminary breath test (PBT), Kwiatkowski arrested appellant for driving while impaired (DWI). After the implied-consent advisory was read to appellant, he agreed to submit to a breath test, which showed an alcohol concentration of .08. Appellant was charged with two counts of misdemeanor DWI.

Appellant moved to suppress evidence, challenging the bases for the stop and the request that he submit to a PBT. At the *Rasmussen* hearing, the state added a charge of misdemeanor speeding in violation of Minn. Stat. §§ 169.14, subd. 1 (failure to use due care), .89, subd. 1(1) (2012) (defining misdemeanor offense). Both Kwiatowski and appellant testified at the hearing, and they gave conflicting testimony about the speed at

which appellant's vehicle was traveling and about appellant's performance of the field sobriety tests. The district court denied appellant's suppression motion.

When the parties appeared for trial the next day, appellant agreed to waive his right to a jury trial and submit the failure-to-use-due-care charge to the district court for decision on stipulated facts in exchange for the state's dismissal of the DWI charges and a 30-day sentence with 25 days stayed. The record contains the following waiver of appellant's right to a jury trial:

> DEFENSE COUNSEL: [Appellant], what happens in a case like yours where you have elected to have a stipulated facts trial to preserve any appeal rights that you may have, you understand that in a stipulated facts trial we don't have the jury figure out whether you are guilty or not guilty. The [district court] will receive the documents and read over them and find out if you are guilty or not guilty of the charge that is being submitted to [the court], in other words, [failure to use due care]; do you understand that?
> APPELLANT: Yes.
> DEFENSE COUNSEL: And you understand that in a stipulated facts trial, really all of fact finding mechanisms for the [court] typically are the same as they are for a jury trial. In other words, [the district court] gives you the presumption of innocence and puts the State to their burden of proof beyond a reasonable doubt. Those aspects of the trial don't change. What changes is there is one fact-finder rather than six; do you understand that the fact-finder is the [court]?
> APPELLANT: Yes.
> DEFENSE COUNSEL: Okay. And you and I have talked about this procedure for this particular case, you have some concerns about being able to appeal if you so choose.
> And you and I, between the two of us, you have decided that this is a better route for your needs rather than entering a plea of guilty; is that correct?
> APPELLANT: Yes.
> DEFENSE COUNSEL: Okay. And so is it your wish to give up that jury trial and instead have the stipulated facts procedure on the count of [failure to use due care]?

3

APPELLANT:  Yes.

The parties stipulated to the admission of the radar log, the radar-log certificate of accuracy, the squad video, and police reports.

The district court asked whether it could consider the testimony from the *Rasmussen* hearing when putting together a written order, and defense counsel and the prosecutor agreed that the court could consider the testimony.  The district court found appellant guilty of failure to use due care and sentenced him according to the parties' agreement and issued a written order documenting its findings.  This appeal followed.

## D E C I S I O N

Interpretation of the rules of criminal procedure is a question of law, which we review de novo.  *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005).  When the facts are undisputed, the validity of the waiver of a constitutional right is also a question of law subject to de novo review.  *State v. Rhoads*, 813 N.W.2d 880, 885 (Minn. 2012).

Minn. R. Crim. P. 26.01, subd. 1(2)(a), permits a defendant, with the court's approval, to "waive a jury trial on the issue of guilt provided the defendant does so personally, in writing or on the record in open court, after being advised by the court of the right to trial by jury, and after having had an opportunity to consult with counsel."  In addition, if the parties submit the case to the court for trial based on stipulated facts or the defendant stipulates to the prosecution's case to obtain review of a pretrial ruling, "the defendant must acknowledge and personally waive the rights to:  (1) testify at trial; (2) have the prosecution witnesses testify in open court in the defendant's presence;

4

(3) question those prosecution witnesses; and (4) require any favorable witnesses to testify for the defense in court." Minn. R. Crim. P. 26.01, subd. 3(a), 4(d).

Appellant argues that he is entitled to a new trial because he did not waive the rights listed in Minn. R. Crim. P. 26.01, subd. 3(a). The record is unclear as to what procedure the parties intended to follow in the district court. The district court described the parties' goal as a stipulated-facts trial, and defense counsel described the goal as "a stipulated facts trial to preserve any appeal rights that [appellant] may have." But what actually happened was not a stipulated-facts trial or a stipulation to the prosecution's case because the parties agreed that the district court could consider contradictory testimony presented by both parties at the *Rasmussen* hearing. *Dereje v. State*, 837 N.W.2d 714, 721 (Minn. 2013) (holding that "submission of documentary evidence presenting contradictory versions of events cannot constitute a valid trial on stipulated facts"); *see also* Minn. R. Crim. P. 26.01, subd. 4(e) (requiring defendant to stipulate to prosecution's evidence).

The parties also failed to specify a dispositive pretrial ruling as required by Minn. R. Crim. P. 26.01, subd. 4(a), and our review of the record shows no dispositive pretrial ruling.[1] The only contested issues at the *Rasmussen* hearing were the bases for the stop and the request that appellant submit to a PBT. When the DWI charges were dismissed, those issues became moot because the evidence discovered after the stop and administration of the PBT were relevant only to the DWI charges.

---

[1]The only issue identified by the parties related solely to the length of appellant's driver's license revocation under the implied-consent statute, not to the criminal charges.

5

In *Dereje*, the parties described the procedure that they intended to follow as a stipulated-facts trial, but they actually stipulated "to a body of evidence containing contrary versions of events." 837 N.W.2d at 719-20. The supreme court rejected the defendant's claim that he was entitled to a new trial because the procedure followed was not a valid stipulated-facts trial. *Id.* at 721. The court explained that,

> because the trial here met the requirements for a bench trial in Minn. R. Crim. P. 26.01, subd. 2, Dereje validly waived his jury-trial rights, and the district court made detailed and thorough findings of fact drawn from the stipulated evidence, we reject the demand for a new trial, concluding that Dereje's bench trial was not procedurally defective.

*Id.*

As in *Dereje*, the procedure followed in this case met the requirements for a bench trial under Minn. R. Crim. P. 26.01, subd. 2, appellant concedes that he waived his right to a jury trial, and the district court made detailed findings of fact based on the stipulated evidence. Because the procedure followed was not a stipulated-facts trial or a stipulation to the prosecution's case to obtain review of a pretrial ruling, the waiver requirements of Minn. R. Crim. P. 26.01, subds. 3(a), 4(d), did not apply. We, therefore, conclude that appellant's trial was not procedurally defective and deny his request for a new trial.

**Affirmed.**

6